FILED
2008 Sep-08 PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN   DIVISION

| | | |
|---|---|---|
| **MARCELLA SPARKS** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| vs. | ) | CV 08-PT-1010-E |
| | ) | |
| **TOTAL BODY ESSENTIAL NUTRITION, INC.,TEXAMERICAN FOOD BLENDING, INC.; ST. JOHN'S NUTRITION and WRIGHT ENRICHMENT, INC.** | ) ) ) ) ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **CINDI HOWARD, et al** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| vs. | ) | CV 08-PT-1012-E |
| | ) | |
| **TOTAL BODY ESSENTIAL NUTRITION, INC.; TEX AMERICAN FOOD BLENDING, INC.; ST. JOHN'S NUTRITION and WRIGHT ENRICHMENT, INC.,** | ) ) ) ) ) | |
| | ) | |
| **Defendants** | ) | |

**FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

These two causes come on to be heard on respective motions to remand filed by the

plaintiffs on July 2, 2008.

There are apparently two issues: (1) Whether defendants have proved by a preponderance

1

of the evidence that the claims of the plaintiffs each exceed $75,000.00; and (2) Whether the defendant St. John's Nutrition has been fraudulently joined so as to defeat removal based on diversity of citizenship.  The defendants have acknowledged that if they have not proved by a preponderance of the evidence that there is not a reasonable possibility that plaintiffs can recover against St. John's Nutrition, the actions are due to be remanded.

<u>First</u> <u>Issue</u>
<u>Amount</u> <u>in</u> <u>Controversy</u>
(Marcella Sparks)

In Civil Action 08-PT-1010-E, the plaintiff Marcella Sparks' injuries and damages listed in Count I are alleged to include:

Severe allergic reaction to product resulting in:

1. Substantial hair loss
2. Abdominal pain
3. Bowel problems
4. Joint pain
5. Muscle pain and cramps
6. Fatigue
7. Disfigurement
8. Pain and suffering
9. Disability
10. Mental anguish
11. Loss of capacity for enjoyment of life
12. Lost wages
13. Loss of earning capacity
14. Caused to incur presently and in the future medical bills for treatment

Sparks alleges that her injuries are continuing and permanent.

Sparks adds in Count II:

Injuries:  Realleges and incorporates Count I, except also alleges following side effects that Defendant failed to warn of:

1. Damage and paralysis of internal organs

2

2. Vision problems
3. Significant hair loss
4. Loss of fingernails
5. Muscle cramps
6. Bowel problems
7. Joint pain
8. Fatigue

Other Counts repeat these claims of Sparks.

(Cindi Howard)

In Count I of Civil Action 08-PT-1012-E Cindi Howard lists the following injuries and damages:

Severe allergic reaction to product resulting in:

1. Substantial hair loss
2. Discoloration and loss of fingernails
3. Rapid weight gain
4. Paralysis of colon
5. Swelling of face and exremities
6. Nausea
7. Headaches
8. Vision loss
9. Nose bleeds
10. Blisters on tongue
11. Swelling and bleeding gums
12. Abdominal pain
13. Joint pain
14. Muscle pain
15. Cramps
16. Extremely dry eyes
17. Excessive thirst
18. Fatigue
19. Disfigurement
20. Pain and suffering
21. Disability
22. Mental anguish
23. Loss of capacity for enjoyment of life
24. Lost wages

3

25. Lost earning capacity
26. Caused to incur presently and in the future medical bills for treatment

Cindi Howard alleges that the injuries and damages are permanent.

Cindi Howard adds the following in Count II:

Realleges and incorporates Count I injuries, except also alleges following side effects that Defendant failed to warn of:

1. Damage and paralysis of internal organs
2. Vision problems
3. Significant hair loss
4. Loss of fingernails
5. Muscle cramps
6. Bowel problems
7. Joint pain
8. Fatigue

These injuries and damages are repeated in other Counts.

(Marion Howard)

Marion Howard alleges the following injuries and damages in Count I of the same complaint as that of Cindi Howard.

Severe allergic reaction to product resulting in:

1. Substantial hair loss
2. Abdominal pain
3. Joint pain
4. Excessive thirst
5. Fatigue
6. Pain and suffering
7. Mental anguish
8. Loss of capacity for enjoyment of life
9. Lost wages
10. Lost earning capacity
11. Caused to incur presently and in the future medical bills for treatment

4

Marion Howard adds the following in Count II.

Realleges and incorporates Count I injuries, except also alleges following side effects that Defendant failed to warn of :

1. Damage and paralysis of internal organs
2. Vision problems
3. Significant hair loss
4. Loss of fingernails
5. Muscle cramps
6. Bowel problems
7. Joint pain
8. Fatigue

Marion Howard alleges that these injuries are continuing and permanent.

These injuries and damages are repeated in other Counts.

(Joshua Taylor)

In Count I of the same complaint as that of Cindi and Marion Howard, Taylor lists the following injuries and damages:

Severe allergic reaction to product resulting in:

1. Muscle cramps
2. Joint pain
3. Fatigue
4. Pain and suffering
5. Mental anguish
6. Loss of capacity for enjoyment of life
7. Caused to incur presently and in the future medical bills for treatment

Joshua Taylor alleges that these injuries are continuing and permanent

Taylor adds the following in Count II.

Alleges following side effects that Defendant failed to warn of:

1. Damage and paralysis of internal organs

5

      2.      Vision problems
      3.      Significant hair loss
      4.      Loss of fingernails
      5.      Muscle cramps
      6.      Bowel problems
      7.      Joint pain
      8.      Fatigue

Taylor repeats these claims in other Counts.

(All)

All plaintiffs in both cases request identical relief. Specifically, each prays for (1) fair and adequate compensation for the personal injuries suffered due to negligent, reckless, willful and/or wanton wrongful behavior; (2) damages that will reflect the "enormity of the defendants wrongful acts and dissuade the defendants from further wrongful acts; (3) post-judgment interests; and (4) costs.

No plaintiff prays for a specific amount of compensatory, punitive, or other damages.

While the term "punitive damages" is apparently not used, (2) immediately above suggests such claims. Regardless of whether punitive damages are claimed, reason, common sense, previous similar Alabama cases and previous cases assigned to this judge establish that the defendants have proved amounts in controversy for each plaintiff in excess of $75, 000.00. See *St. Paul Indemnity v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Also see *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003), citing *Red Cab*. The claims in the complaints themselves prove, by plaintiffs' own statements, by a preponderance of the evidence that the claims exceed $75,000.00 each. Query: What if the allegation was that a plaintiff had a leg amputated and the claim was for indeterminate damages? This court cannot defy common

sense and hold that the amounts in controversy do not exceed $75,000.00.[1]

Second Issue
Fraudulent Joinder

This issue will be addressed in a separate certification order.

This the 8th day of September, 2008.

_____
**ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Compare *Purdiman v. Organon Pharmaceuticals*, 2008 WL 686996 (N.D. Ga. 2008) and *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995). Also see plaintiffs' responses at recorded hearing of August 14, 2008.